AZADIAN LAW GROUP, PC
GEORGE S. AZADIAN (SBN 253342)
EDRIK MEHRABI (SBN 299120)
790 E. Colorado Blvd., 9th Floor
Pasadena, California 91101
Ph.:     (626) 449-4944
Fax:    (626) 628-1722
Email: George@azadianlawgroup.com

Attorney for Plaintiff,
   TINA REGANYAN, an individual

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| TINA REGANYAN, an individual<br><br>                Plaintiff,<br><br>v.<br><br>COMENITY BANK,<br><br>                Defendant. | CASE NO.  2:15-CV-9673<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 *ET SEQ*.**<br><br><u>JURY TRIAL DEMANDED</u> |

Plaintiff Tina Reganyan ("Plaintiff") alleges as follows on knowledge as to herself and her own acts/interactions, and on information and belief as to all other matters:

## INTRODUCTION AND NATURE OF ACTION

1. Plaintiff brings this action against Defendant Comenity Bank, in negligently and/or intentionally calling Plaintiff on her cellular telephone attempting to collect a debt owed by someone other than Plaintiff and continued to call Plaintiff's cellular phone repeatedly after she requested that the calls stop and that she was not the individual Defendant was attempting to contact, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq.

## JURISDICTION & VENUE

1. This Court possesses subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 based on Plaintiff's claims for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq., ("TCPA").

2. Venue is proper in this District under 28 U.S.C. § 1391(b) because the defendant transacts business in this District and a substantial part of the events giving rise to the above-captioned action occurred in this District.

## PARTIES

3. Plaintiff, at all times relevant hereto, is and has been a resident of the State of California. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

4. Defendant Comenity Bank ("Defendant"), at all times relevant hereto, is and has been a bank that offers its customers credit cards and other financial products. Defendant is an affiliate of Comenity LLC. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

## FACTUAL ALLEGATIONS

5. Plaintiff is not a customer of Defendant and does not have any Comenity accounts.

-1-
**COMPLAINT FOR DAMAGES**

6.  Since approximately January 2014, Plaintiff received calls on her cell phone (818-xxx-6624) from Defendant (614-729-6083).

7.  Plaintiff has also received text messages from Defendant, which constitute "calls" under the TCPA.

8.  During these calls Defendant used an "automatic telephone dialing system," which has the capacity to store or produce telephone numbers to be called using a random or sequential number generator; and to dial such numbers.

9.  During these calls, after Plaintiff said "hello," repeatedly, there was a delay prior to a representative speaking, indicating the call was being transferred by the automatic telephone dialing system to a representative of Defendant who identified themselves as calling from "Comenity Bank."

10. Plaintiff is informed and believes that these calls were for the purpose of collecting debt or servicing an account and were not for emergency purposes as set forth in 47 U.S.C. § 227(b)(1)(A).

11. During these calls, the Defendant's representative would ask for an individual with a name sounding nothing like Plaintiff's name.

12. On numerous occasions, including approximately the first five calls Plaintiff received from Defendant, Plaintiff informed Defendant that she was not the individual the call was intended for and demanded that the calls to her cell phone stop.

13. Despite Plaintiff's repeated requests not to receive such calls, Defendant continued to call Plaintiff's cellular phone.

14. To date, Plaintiff has received approximately over 200 calls, if not more from Defendant.

-2-
**COMPLAINT FOR DAMAGES**

15. Plaintiff has incurred charges for these calls and the FCC has made clear that "wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used."[1]

16. Plaintiff did not provide "prior express consent" to receive the calls on her cellular telephone as set forth in 47 U.S.C. § 227(b)(1)(A).

# FIRST CLAIM

## NEGLIGENT VIOLATIONS OF THE TCPA

### (AGAINST DEFENDANT)

17. Plaintiff incorporates by reference all preceding paragraphs.

18. The forgoing acts and omissions of Defendant constitutes numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

19. As a result of Defendant's negligent violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to statutory damages of $500 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

20. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

# SECOND CLAIM

## KNOWING AND/OR WILLFUL VIOLATIONS OF THE TCPA

### (AGAINST DEFENDANT)

21. Plaintiff incorporates by reference all preceding paragraphs.

22. The foregoing acts and omissions of Defendant constitutes numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 et seq.

---

[1] *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 F.C.C.R. 559, at ¶ 7 (2008).

23. As a result of Defendant's knowing and/or willful violations of 47 U.S.C § 227 et seq., Plaintiff is entitled to treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

24. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

## JURY TRIAL DEMANDED

25. Plaintiff demands a jury as to all claims.

## PRAYER FOR RELIEF

26. WHEREFORE, Plaintiff respectfully requests the Court grant Plaintiff the following relief against Defendant:

    a. As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks $500 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

    b. As a result of Defendant's willful and/or knowing violation of 47 U.S.C. § 227(b)(1), Plaintiff seeks treble damages, as provided by statute, up to $1,500 for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

    c. Plaintiff also seeks injunctive relief prohibiting such conduct in the future.

    d. Such other relief as the Court deems just and proper.

Dated: December 16, 2015    Respectfully submitted,

AZADIAN LAW GROUP, PC

By: /s/ George S. Azadian
George S. Azadian
Attorney for Plaintiff TINA REGANYAN

**COMPLAINT FOR DAMAGES**